DECISION
Virginia Smith, defendant-appellant, appeals the sentence imposed upon her by the Franklin County Court of Common Pleas. The trial court sentenced appellant, following her guilty plea, on one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32; four counts of aggravated possession of drugs, a violation of R.C. 2925.11; two counts of second-degree felony possession of drugs, a violation of R.C. 2925.11; six counts of third-degree felony possession of drugs, a violation of R.C. 2925.11; and two counts of aggravated trafficking in drugs, a violation of R.C. 2925.03.
Appellant was accused of illegally selling prescription drugs from her home. As a result of a police investigation, approximately 46,800 unit doses of prescription narcotics with a street value of $125,000 were recovered from appellant's home. The police also recovered a number of firearms and $27,261.60 in cash. The undercover police officer likened appellant's home "to a bus terminal, people coming and going buying and selling drugs." Undercover officers traded food stamps for drugs and noticed appellant's juvenile granddaughter was present during some of the transactions. Even after the search warrants had been executed, appellant "would start her business up again" at another location. The trial court noted that appellant's home "was described as one of the largest illegal prescription drug houses in the history of Franklin County."
Appellant was indicted by a grand jury on October 26, 1999, on sixty-four felony counts. The indictment consisted of one count of engaging in a pattern of corrupt activity, a violation of R.C. 2923.32; five counts of aggravated possession of drugs, a violation of R.C. 2925.11; eleven counts of possession of drugs, a violation of R.C. 2925.11; ten counts of possession of drugs with specification, a violation of R.C.2925.11; two counts of aggravated possession of drugs with specification, a violation of R.C. 2925.11; two counts of the sale of dangerous drugs, a violation of R.C. 4729.51(C); thirteen counts of trafficking in drugs, a violation of R.C. 2925.03; twelve counts for trafficking in food stamps/illegal use of food stamps, a violation of R.C. 2913.46; and eight counts of aggravated trafficking in drugs, a violation of R.C. 2925.03. In exchange for her guilty plea, the trial court entered a nolle prosequi order for the remaining forty-nine felony counts. The state also agreed to not seek an indictment of appellant based upon evidence recovered from an October 26, 1999 search warrant.
On June 19, 2000, the trial court sentenced appellant to serve a ten-year sentence for her conviction of engaging in a pattern of corrupt activity, an eight-year sentence for her six second-degree felony convictions, which consisted of four counts of aggravated possession of drugs and two counts of possession of drugs, and a five-year sentence for her eight third-degree felonies, which consisted of six counts of possession of drugs and two counts of aggravated trafficking of drugs. The eight-year sentences were to run concurrent with each other but consecutive to the ten-year sentence. The five-year sentences were also to run concurrent with each other and consecutive to the ten and eight-year sentences. The addition of the consecutive sentences yielded a total sentence of twenty-three years. Appellant appeals the sentence imposed by the trial court and presents the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN IMPOSING MAXIMUM AND CONSECUTIVE SENTENCES ON APPELLANT, AS SUCH SENTENCES ARE CONTRARY TO LAW AND ARE NOT SUPPORTED BY THE RECORD.
Appellant presents two arguments in her assignment of error. Appellant contends that: (1) the trial court erred when it imposed the maximum sentence allowed for her convictions, and (2) the trial court erred when it found that appellant should serve her first, second, and third-degree felonies consecutively. We will address appellant's arguments in the order in which they have been presented.
A trial court has broad discretion in sentencing a defendant and a reviewing court will not interfere with the sentence unless the trial court abused its discretion. State v. Drake (Dec. 17, 1998), Franklin App. No. 98AP-448, unreported. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
The overriding purpose of felony sentencing is "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A). R.C. 2929.14(B) states in part:
 [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The Ohio Supreme Court has interpreted R.C. 2929.14(B) to mean "that unless a court imposes the shortest term authorized on a felony offender who has never served a prison term, the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." State v. Edmonson (1999), 86 Ohio St.3d 324, 326. The trial court is not required to give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence. Id.
A review of the record shows that appellant has never served a prison term. Therefore, in order to impose a sentence longer than the minimum prison term, the court was required to make one of the two findings specified in R.C. 2929.14(B). The trial court stated during the sentencing hearing that appellant's sentence was necessary "for the protection of the public and most importantly to prevent her from committing future offenses." While this is not the exact phrase used by R.C. 2929.14(B), a trial court is not required to invoke "talismanic words of the sentencing statute when making its findings." State v.Morefield (Dec. 21, 1999), Franklin App. No. 99AP-229, unreported. We hold the trial court's finding that a maximum prison term was necessary in order to protect the public from appellant sufficient to satisfy the requirements of R.C. 2929.14(B).
Appellant also contends the record does not support the imposition of the maximum term for each of her convictions. R.C. 2929.14(C) states in part:
 [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, [and] upon offenders who pose the greatest likelihood of committing future crimes * * *.
R.C. 2929.12 provides a list of factors for the trial court to consider when determining whether an offender's conduct is more or less serious than conduct normally constituting the offense, or if an offender is likely to commit future crimes. R.C. 2929.19(B)(2)(d) also requires the court to make a finding that gives its reasons for selecting the sentence imposed. "When determining whether the trial court complied with R.C.2929.14(C), the reviewing court may review the judgment entry, the transcript, and the sentencing worksheet." State v. Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported, discretionary appeal not allowed (2000), 87 Ohio St.3d 1490, certiorari denied (2000), ___ U.S. ___, 120 S.Ct. 2697.
Concerning whether appellant's conduct was considered "the worst form of the offense," the trial court stated the following during the sentencing hearing:
 The maximum sentence is supposed to be reserved for the worst form of the offense. These are prescription drugs. She's peddling this kind of misery to people that must be addicted to these sorts of drugs, and she has done it now and been caught and done it again and been caught and done it again and arguably might have done it for the fourth time after she had been caught. That's the worst form of the offense * * *.
The court also stated that appellant's illegal prescription drug business was described as "one of the largest illegal prescription drug houses in the history of Franklin County." In exchange for her guilty plea, forty-nine felony counts were dismissed. Therefore, it appears the major factors in the trial court's finding that appellant's conduct constituted the "worst form of the offense" was the large scale of appellant's illegal conduct and the effect her actions had on others. For example, the record shows the police recovered approximately 46,800 unit doses of prescription narcotics with a street value of $125,000, a number of firearms, and $27,261.60 in cash from appellant's home.
The trial court used many of these same facts to find that appellant had the greatest likelihood of reoffending. Appellant had previously received a suspended prison sentence for possession of a felony drug conviction in 1992. The fact that appellant was convicted for similar offenses in the present case tends to show appellant "has not responded favorably to sanctions previously imposed for criminal convictions." R.C. 2929.12(D)(3).
Additionally, appellant continued to illegally sell prescription drugs even though she was on bond for the present charges. The court stated that when appellant was informed her bond was going to be revoked:
 * * * [she] left the courthouse and was eventually arrested sometime later that day, and all of the circumstantial evidence surrounding that arrest would indicate that she was getting ready to flee the jurisdiction. She had packed her bags, had a fairly sizeable quantity of prescription drugs and a sizeable amount of money on her person.
The fact that appellant resumed the illegal selling of prescription drugs each time she was released, combined with the fact that appellant was found with "a fairly sizeable quantity of prescription drugs," tends to show that if given the opportunity, appellant would continue her illegal activities. Accordingly, after having reviewed the record, we find that the trial court sufficiently complied with R.C. 2929.14(C) in order to "impose the longest prison term authorized" for appellant's convictions.
Appellant also argues in her assignment of error that the trial court erred when it imposed consecutive sentences. Appellant claims the record does not support the court's finding that she "has also demonstrated a history of criminal conduct that makes consecutive sentences necessary for the protection of the public * * *." We disagree.
R.C. 2929.14(E)(4) states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
As stated previously, a review of the record supports a finding that appellant has not responded favorably to sanctions previously imposed for criminal convictions. The fact that appellant was indicted on sixty-four felony counts and pled guilty to fifteen felony counts indicates appellant had engaged in a recurring pattern of criminal behavior. The presentence investigation report provides a narrative of numerous illegal drug transactions appellant had with undercover police detectives and police informants from August 12, 1998, until November 24, 1998. The court stated the following:
 As far as the consecutive offenses, this offender committed multiple offenses and she did it while she was under investigation, in fact, had been charged and then got out and continued to do the same sort of thing. I find that the harm she's causing to the public is so great and unusual that there's no single prison sentence that would be appropriate. Therefore, consecutive sentences are appropriate.
A review of the record supports the determination of the court that consecutive sentences were necessary to protect the public from future crimes committed by appellant. Therefore, we find that the trial court did not err when it imposed consecutive sentences for appellant's convictions.
Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
 ___________ BROWN, J.
TYACK and PETREE, JJ., concur.